UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America,<br><br>                          Plaintiff,<br><br>        v.<br><br>A Red Volvo Tractor, VIN #: 4V4NC9TH15N390415, bearing New Jersey plates AY-143D, with an attached 40-foot aluminum garbage trailer bearing New Jersey registration TZB50N.<br><br>                          Defendant. | Civil Action No.: 6:23-CV-751 (BKS/TWD) |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

Plaintiff, United States of America, by its attorneys, Carla B. Freedman, United States Attorney for the Northern District of New York, and Elizabeth Conger, Assistant United States Attorney, brings this verified complaint for forfeiture *in rem* against the above-captioned property (the "Defendant Vehicle") and alleges the following in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure and Title 18, United States Code, Section 981.

**THE PARTIES**

1. The Plaintiff is the United States of America.

2. The Defendant Vehicle is more particularly described, as follows:

    a. a Red Volvo Tractor, VIN #: 4V4NC9TH15N390415, bearing New Jersey plates AY-143D, with an attached 40-foot aluminum garbage trailer bearing New Jersey registration TZB50N.

1

**BASIS FOR FORFEITURE**

3. This action *in rem* is brought pursuant to Title 18, United States Code, Section 981(a)(1)(A) as property involved in violations of Title 18, United States Code, Sections 1956 (money laundering), and Rule G of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule G").

4. Title 18, United States Code, Section 981(a)(1)(A) provides for the forfeiture of: "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of [Title 18], or any property traceable to such property." 18 U.S.C. § 981(a)(1)(A).

5. The specified unlawful activities underlying the money laundering offenses include violations of Title 18, United States Code, Sections 1029(a) (access device fraud), 1029(b)(2) (conspiracy to commit access device fraud), 1028 (identity theft), and 1028A (aggravated identity theft).

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over this action pursuant to Title 28, United States Code, Section 1345 and 1355.

7. Section 1345 provides district courts with "original jurisdiction of all civil actions, suits or proceedings commenced by the United States." 28 U.S.C. § 1345.

8. Section 1355(a) provides district courts with "original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress." 28 U.S.C. § 1355(a).

9. This Court has *in rem* jurisdiction over the Defendant Vehicle and venue is properly situated in this district pursuant to Title 28, United States Code, Section 1355(b), which provides that a forfeiture action or proceeding "may be brought in . . . the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred." 28 U.S.C. § 1355(b)(1)(A).

**FACTS**

10. This civil forfeiture matter arose in connection with a Federal Bureau of Investigation ("FBI") and New York State Police ("NYSP") investigation into a credit card skimming scheme from New Jersey operating in Central New York.

11. Skimming occurs when devices illegally installed on ATMs, point-of-sale terminals, or fuel pumps capture data or record cardholders' personal identification numbers ("PINs"). Criminals use the data to create fake debit or credit cards and then steal from victims' accounts.

12. On or about January 18, 2023, New York State Troopers were dispatched to a Stewart's Shops convenience store and gas station located at 2463 State Route 12B, Hamilton, New York, 13346 for the possible unlawful use of a credit card.

13. The owner of the credit card called the Stewart's Shops location at approximately 6:15 a.m. that morning and advised an employee that an unauthorized charge in the amount of $175.00 had been made on his card at the store.

14. The Stewart's Shops employee called 911. He advised that the suspect vehicle – the Defendant Vehicle – was still parked on the property adjacent to the store.

15. The Stewart's Shops employee told law enforcement that he had heard an audible notification for pump seven, the high flow diesel pump, at 4:15 a.m. that morning, and saw, on his

3

computer, that fuel was being pumped from that location. He stated that this was unusual because tractor trailers typically do not arrive until 5:00 a.m. when the store opens.

16. The employee added that pump seven stopped at approximately 4:21 a.m., and the sale made at that pump totaled $174.99. He said that the Defendant Vehicle then parked behind the store at approximately 4:25 a.m.

17. When NYS Troopers arrived at the scene, the Defendant Vehicle was observed parked adjacent to the Stewart's Shop in the north side of the parking lot and appeared to be carrying an unusually large amount of weight on its rear tires.

18. The Defendant Vehicle was occupied by two individuals, who advised that they only spoke Spanish.

19. The individual in the driver's seat, Gilberto Javier Fernandez Martinez, ("Martinez"), had a Class A license from Florida.

20. The individual seated in the passenger's seat, Yosiel Ruiz Linares, ("Linares"), had a class D license from New Jersey.

21. The plate on the red 2005 Volvo tractor was identified as registered to "MMJ Logistics" with an address matching Linares's home address in Union, New Jersey.

22. The plate on the 1999 trailer was registered to "MMY Logistics," with an address located in Elizabeth, New Jersey.

23. Troopers interviewed an Asset Protection Manager for Stewart's Shops who stated that she had been tracking a group of individuals from New Jersey who were using skimmed credit card information to purchase fuel from multiple Stewart's locations.

24. She stated that she reviewed surveillance footage from Hamilton, New York on the prior day, January 17, 2023, showing a Hispanic male pumping gas into the Defendant Vehicle at pump seven for forty (40) minutes.

25. In approximately twenty-two (22) transactions utilizing ten (10) separate credit card numbers, 691.452 gallons of diesel totaling $3,802.29 was pumped into the Defendant Vehicle at pump seven that day.

26. The Stewart's Asset Protection Manager sent NYS Troopers images of the man who pumped the gas on that occasion, along with a list of credit card numbers used and videos of the incident.

27. Law enforcement learned that the Defendant Vehicle was observed at Christian Fabrication, a fuel station located at 1033 State Route 20 in West Winfield, New York on the prior day, January 17, 2023. On that occasion, a large amount of fuel was pumped into the Defendant Vehicle using numerous credit and debit cards.

28. The owner of Christian Fabrication advised that this was not the first time that the Defendant Vehicle had been observed fueling up at his fuel station using multiple credit cards.

29. A Trooper with the NYS Commercial Vehicle Enforcement Unit ("CVEU") responded to Stewart's Shop in Hamilton, New York on January 18, 2023, and made the following observations regarding the Defendant Vehicle based upon his knowledge, and sixteen years of service with the NYSP. First, he observed what appeared to be non-manufactured holes in the front wall leading into the cargo space of the unit. He then noted three gasoline lines running from proper fittings located on a cross member of the power unit going into the trailer unit. The Trooper stated that this was not consistent with any commercial vehicle combination unit that he had ever inspected. He added that each fuel tank on the power unit had a fabricated outlet valve with a fuel

line attached. The Trooper further stated that the fuel management system was not consistent with any OEM Volvo power unit that he has ever seen and said that he believes that the unit was designed to transfer fuel from the main tanks to the trailer unit.

30. A New York State search warrant was issued to search the Defendant Vehicle for stolen fuel on January 18, 2023, and photographs were taken of the exterior and interior of the Defendant Vehicle.

31. During the execution of the search warrant, law enforcement recovered the following items:

    a. 18 Byrne Dairy debit cards;

    b. 29 American Express gift cards;

    c. 80 Vanilla Visa gift cards;

    d. 5 MasterCard gift cards;

    e. 1 Visa Debit Gift Cards;

    f. 1 MSR X6 Skimmer; and

    g. 5 Skimmers.

32. Five of the cards seized during the execution of the search warrant were later found to correspond with cards used to pay for the $3,802.29 in fuel pumped into the Defendant Vehicle on January 17, 2023. Three of the seized cards were used numerous times during the fueling of the Defendant Vehicle on this occasion.

33. During the execution of the search warrant it was also observed that the fuel lines that went into the trailer of the Defendant Vehicle were attached to a large steel tank placed in the back of the trailer. The tank was as wide as the trailer and nearly as long.

34. Both the truck and trailer of the Defendant Vehicle were examined by a Trooper with the CVEU and were found, at 93,000 pounds, to be overweight.

35. Approximately 6,423 gallons of diesel fuel were pumped out of the Defendant Vehicle by Eggan Environmental Services located in Rome, New York on January 18, 2023, and are being held at that business. Eggan Environmental Services was unable to pump all of the fuel out of the Defendant Vehicle.

36. On that same day, the Defendant Vehicle was towed to an impound lot located at in Clinton, New York. It is presently parked at this location.

37. On the following day, January 19, 2023, Linares arrived at the Hamilton, New York Police Department with a woman by the name of Migdareli Dejesus to retrieve the Defendant Vehicle.

38. Their request to retrieve the Defendant Vehicle was denied as the vehicle is not roadworthy and is hazardous as the tank still contains fuel.

## **CONCLUSION**

39. The facts set forth above support a reasonable belief, as required by Supplemental Rule G(2)(f), that the government will be able to meet its burden of proof at trial.

WHEREFORE, pursuant to Supplemental Rule G, Plaintiff, the United States of America, respectfully requests that the Court:

(1) Issue a Warrant of Arrest *in Rem*, in the form submitted with this Complaint;

(2) Direct any person having any claim to the Defendant Vehicle to file and serve a Verified Claim and Answer as required by 18 U.S.C. § 983(a)(4) and Supplemental Rule G(5)(a) and (b);

(3) Enter judgment declaring the Defendant Vehicle be forfeited and condemned to the use and benefit of the United States; and

(4) Award such other and further relief to the United States as it deems proper and just.

Dated: June 20, 2023

Respectfully submitted,

CARLA FREEDMAN
United States Attorney

By: */s/ Elizabeth A. Conger*
Elizabeth A. Conger
Assistant United States Attorney
Bar Roll No. 520872

## VERIFICATION

STATE OF NEW YORK             )
                              ) ss:
COUNTY OF ~~ALBANY~~ ONEIDA   )

Conner Hawes, being duly sworn, deposes and states:

I am a Special Agent with the Federal Bureau of Investigation. I have read the foregoing Complaint for Forfeiture and assert that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement officers.

Dated this 20 day of June, 2023.

_____
Conner Hawes
Special Agent
Federal Bureau of Investigation

Sworn to and subscribed before me this __20__ day of June, 2023.

_____
Notary Public

KELLY J. GERRARD SMITH
Notary Public, State of New York
No. 01GE6183598
Qualified in Oneida County
My Commission Expires March 17, 2024